14 CV 7553 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIKIA SANTOS,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, New York City Police ("NYPD") Officer WAYNE DORSEY, Shield # 8992; NYPD Officer ANTHONY DILBERTO, Shield # 15189; NYPD Officer TYRONE NEAL, Shield # 221176, NYPD Officers JOHN DOE # 1 and 2,

                                  Defendants.

**DEFENDANTS CITY OF NEW YORK, WAYNE DORSEY, ANTHONY DILIBERTO, AND TYRONE NEAL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, NY 10007*

*Of Counsel: Susan P. Scharfstein*
*Tel: (212) 356-2355*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF FACTS

        A. Plaintiff's Allegations ................................................................................. 2

        B. Procedural Background ............................................................................. 3

ARGUMENT ...................................................................................................................... 3

    POINT I

        PLAINTIFF'S CLAIMS BASED ON FOURTEENTH AMENDMENT DUE PROCESS SHOULD BE DISMISSED ................................................. 3

    POINT II

        PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING SHOULD ALSO BE DISMISSED ................................................. 6

CONCLUSION ................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                  **Pages**

Akins v. Glens Falls City Sch. District,
   53 N.Y.2d 325 (1981)......................................................................................................6

Albright v. Oliver,
   510 U.S. 266 (1994)....................................................................................................4, 5

Alfaro v. Wal-Mart Stores, Inc.,
   210 F.3d 111 (2d Cir. 2000).............................................................................................6

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)........................................................................................................3

Bell Atlantic v. Twombly,
   550 U.S. 544 (2007)........................................................................................................3

County of Sacramento v. Lewis,
   523 U.S. 833 (1998)........................................................................................................4

Dixon v. Village of Spring Valley,
   6 A.D.3d 489, 774 N.Y.S.2d 574 (2d Dep't 2004).........................................................8

Doe v. City of New York,
   2013 U.S. Dist. LEXIS 30010 (S.D.N.Y. Mar. 4, 2013)................................................6

Ehrens v. Lutheran Church,
   385 F.3d 232 (2d Cir. 2004),
   aff'd, 2014 U.S. App. LEXIS 4871 (2d Cir. Mar. 12, 2014)..........................................6

Gagliardi v. Village of Pawling,
   18 F.3d 188 (2d Cir. 1994)...............................................................................................5

Giano v. Senkowski,
   54 F.3d 1050 (2d Cir. 1995).............................................................................................5

Holland v. City of Poughkeepsie,
   90 A.D.3d 841, 935 N.Y.S.2d 583 (2d Dept 2011).........................................................7

Ingrassia v. County of Sullivan,
   262 F. Supp. 2d 116 (S.D.N.Y. 2003).............................................................................3

Karoon v. New York City Transit Auth.,
   241 A.D.2d 323, 659 N.Y.S.2d 27 (1st Dep't 1997).......................................................7

Lauer v. City of New York,
   95 N.Y.2d 95, 711 N.Y.S.2d 112 (2000).........................................................................6

| Cases | Pages |
|---|---|
| Lennon v. Miller, 66 F.3d 416 (2d Cir. N.Y. 1995) | 5 |
| Local 342, Long Island Public Service Employees v. Town Board, 31 F.3d 1191 (2d Cir. 1994) | 4 |
| McCleskey v. Kemp, 481 U.S. 279 (1987) | 5 |
| Mon v. City of New York, 78 N.Y.2d 309, 574 N.Y.S.2d 529 (1991) | 8 |
| Neiger v. City of New York, 72 A.D.3d 663, 897 N.Y.S.2d 733 (2d Dep't 2010) | 7 |
| Padavan v. United States, 82 F.3d 23 (2d Cir. 1996) | 3 |
| Philip v. Deutsche Bank National Trust, 2014 U.S. Dist. LEXIS 140562 (S.D.N.Y. Sept. 30, 2104) | 6 |
| Rolon v. Henneman, 517 F.3d 140 (2d Cir. 2008) | 5 |
| Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996) | 4 |
| Sugarman v. Equinox Holding, 73 A.D.3d 654, 901 N.Y.S.2d 615 (1st Dept't 2010) | 7 |
| Velez v. Levy, 401 F.3d 75 (2d Cir. 2005) | 5 |
| Williams v. City of New York, 2012 U.S. Dist. LEXIS 184279 (E.D.N.Y. Oct. 19, 2012) | 7 |
| In re World Trade Cent. Bombing Litig., 17 N.Y.3d 428 (2011) | 8 |

**Statutes**

| Fed. R. Civ. P. 12(b)(6) | 1, 3 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

SHIKIA SANTOS,

        Plaintiff,

    -against-          14 CV 7553 (AKH)

THE CITY OF NEW YORK, New York City Police
("NYPD") Officer WAYNE DORSEY, Shield # 8992;
NYPD Officer ANTHONY DILBERTO, Shield # 15189;
NYPD Officer TYRONE NEAL, Shield # 221176, NYPD
Officers JOHN DOE # 1 and 2,

        Defendants.
---------------------------------------------------------------- x

### DEFENDANTS CITY OF NEW YORK, WAYNE DORSEY, ANTHONY DILIBERTO, AND TYRONE NEAL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

  Defendants City of New York, Wayne Dorsey, Anthony DiLiberto, and Tyrone Neal submit this memorandum of law in support of their motion to dismiss certain claims alleged in the complaint in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that they fail to state a claim for relief.

  This action brought pursuant to 42 U.S.C § 1983, against the City of New York and several New York City police officers, arises out of an incident that took place on October 14, 2013, in New York, New York. Plaintiff alleges various federal and New York State law claims against the individual defendant officers, Wayne Dorsey, Anthony DiLiberto, and Tyrone Neal, as well as claims against the City of New York on a respondeat superior theory of liability and for negligent hiring and retention of employment services under New York State law.

  Certain of plaintiff's federal and state claims are fatally flawed and should be dismissed at this stage because: (i) plaintiff cannot assert claims pursuant to the Fourteenth

Amendment when his claims fall within the purview of the Fourth and First Amendments, and (ii) plaintiff cannot state a claim for negligent hiring and retention because he has not alleged facts to show that a duty was owed to plaintiff or that the City was on notice of a propensity for the conduct that caused the injury, and because he has also advanced claims against the City based on a theory of respondeat superior. As set forth below, the Court should dismiss these claims with prejudice at this stage and enter judgment in defendants' favor on all such claims.

## STATEMENT OF FACTS

### A. Plaintiff's Allegations

In this action, plaintiff alleges that he was improperly arrested, maliciously prosecuted, and subjected to excessive force after speaking out against the arrest of another individual in St. Nicholas Park in the Harlem neighborhood of Manhattan. (Complaint at ¶¶ 3 through 8). He advances § 1983 claims for false arrest and excessive force based on alleged violations of his Fourth and Fourteenth Amendment rights against all of the individual defendants (First and Second Causes of Action),[1] a § 1983 claim for retaliatory arrest based on alleged violations of his First and Fourteenth Amendment rights (Third Cause of Action), and a § 1983 claim for malicious prosecution against one of the individual defendants (Fourth Cause of Action). He has also invoked the Court's supplemental jurisdiction, seeking to pursue New York State law claims against the officers for false arrest and imprisonment, assault, battery, and malicious prosecution, and also against the City on a theory of respondeat superior. (Fifth through Eighth Causes of Action) Lastly, he purports to sue the City on a state claim for "negligent hiring and retention of employment services." (Ninth Cause of Action).

---

[1] It is not entirely clear whether plaintiff's federal false arrest claim in grounded solely in the Fourteenth Amendment, as he references only the Fourteenth Amendment in paragraph 54 of the Complaint. However, the heading for the First Cause of Action indicates that he may have intended to bring this claim pursuant to the Fourth Amendment as well.

B.  **Procedural Background**

Plaintiff filed this action on September 18, 2014. On the same date, this matter was assigned to participation in the Plan for Certain § 1983 Cases Against the City of New York ("Section 1983 Plan"). (Docket Entry dated September 18, 2014). Defendants submit this motion pursuant to the provisions of the Section 1983 Plan and the Court's Individual Rules. To date, no discovery has taken place. None is necessary to resolve the issues presented herein.

## ARGUMENT

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must satisfy the "facial plausibility" pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)). That is, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 663. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully. Id. A motion to dismiss should be granted where it appears beyond doubt that plaintiff can allege and prove no set of facts that would entitle him to relief. See Padavan v. United States, 82 F.3d 23, 26 (2d Cir. 1996); Ingrassia v. County of Sullivan, 262 F. Supp. 2d 116, 118 (S.D.N.Y. 2003). As shown below, certain of plaintiff's claims are legally defective and should be dismissed.

## POINT I

### PLAINTIFF'S CLAIMS BASED ON FOURTEENTH AMENDMENT DUE PROCESS SHOULD BE DISMISSED

Plaintiff's claims for false arrest, excessive force, and malicious prosecution against the individual defendants should be dismissed to the extent they are based on alleged violations of Fourteenth Amendment rights. Plaintiff does not allege that he was deprived of procedural protections or subjected to differential treatment for the purposes of equal protection rights. He also does not

allege that he was subjected to arbitrary or oppressive action of a type not otherwise protected by the Constitution. As a result, he has no remedy for a violation of a Fourteenth Amendment right.

To advance a procedural due process claim based on the Fourteenth Amendment, plaintiff must allege facts to support that he was deprived of a procedural protection to which he was entitled. See, e.g., Local 342, Long Island Pub. Serv. Employees v. Town Board, 31 F.3d 1191, 1194-97 (2d Cir. 1994). He has not done so. Alternatively, to sustain a claim for violation of a substantive due process right, he must allege and prove that he had been subjected to arbitrary or oppressive government action. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998). But, here, he alleges claims for false arrest, excessive force, malicious prosecution, and retaliatory arrest. The First and Fourth Amendments provide explicit protection for the wrongs alleged herein. Indeed, plaintiff advances the First and Fourth Amendments as alternative theories of recovery. In these circumstances, where there is explicit textual protection for the wrong in the form of an alternative claim, such as false arrest, malicious prosecution, or excessive force, Fourteenth Amendment due process does not provide an alternative basis for a claim. See, e.g., Lewis, 523 U.S. at 848 (due process clause does not amount to a catch-all provision that provides a remedy whenever a state actor causes harm); Albright v. Oliver, 510 U.S. 266, 273 (1994) (generalized notion of substantive due process does not provide a remedy where there is an explicit source of constitutional protection).

The Second Circuit considered Albright at length in Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995), cert. denied, 517 U.S. 1189 (1996). The Court found that "[a]lthough the concurring Justices published four separate opinions [in Albright], there are at least two common propositions in all five opinions: (1) a claim of malicious prosecution may not be brought as a substantive due process claim; and (2) the Fourth Amendment provides the source for a § 1983 claim premised on a person's arrest." Singer, 63 F.3d at 115. On this basis, the Second Circuit held that "under Albright, the Fourteenth Amendment right to substantive due

4

process will not support a federal claim for malicious prosecution." Id. at 114. See also Rolon v. Henneman, 517 F.3d 140, 148 (2d Cir. 2008) (recognizing that the Supreme Court in Albright held that only violations of the Fourth Amendment can support a § 1983 claim for malicious prosecution); Lennon v. Miller, 66 F.3d 416, 423 (2d Cir. N.Y. 1995) (noting that, in Albright, six Supreme Court justices agreed that the Fourth Amendment was the appropriate constitutional source for § 1983 claims in unlawful arrest cases, and a plurality found it to be the appropriate source in malicious prosecution cases as well); cf. Velez v. Levy, 401 F.3d 75, 94 (2d Cir. 2005) (where a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process).

To establish an equal protection violation, a plaintiff must prove purposeful discrimination, McCleskey v. Kemp, 481 U.S. 279, 292 (1987), directed at an identifiable or suspect class. Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995). Further, "it is axiomatic that plaintiff must allege that similarly situated persons were treated differently." Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir. 1994). To establish an equal protection violation by an individual officer, a plaintiff must show that the officers acted with discriminatory purpose and that such purposeful discrimination had a discriminatory effect on him. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Here, plaintiff does not appear to intend to pursue an equal protection claim. Even assuming that he did, any such claim would necessarily fail, because nowhere in the complaint does plaintiff allege that he was treated differently than other similarly situated persons because he is a member of an identifiable or suspect class, or that any of the individual defendants acted with a discriminatory purpose or that their actions had a discriminatory effect.

For the above reasons, the Court should dismiss the First through Fourth Causes of Action to the extent that they are based on alleged violations of Fourteenth Amendment rights.

## POINT II

## PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING SHOULD ALSO BE DISMISSED

Plaintiff's claim against the City for negligent hiring and retention is legally defective and should be dismissed.

As an initial matter, plaintiff fails to state a claim for negligent hiring and retention of employment services, because he fails to allege facts showing the existence of a duty owed to him, which he must do under New York State law. To state a claim for negligence under New York law, a plaintiff must plausibly allege three elements: "'(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) (quoting Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333 (1981)). A plaintiff must show a specific duty owed by defendant to plaintiff rather than a general duty to society. Philip v. Beutsche Bank National Trust, 2014 U.S. Dist. LEXIS 140562 at *22 (S.D.N.Y. Sept. 30, 2104); Lauer v. City of New York, 95 N.Y.2d 95, 711 N.Y.S.2d 112, 116 (2000). Since plaintiff fails to allege facts showing any specific duty that is more than a generalized duty to society owed by the City to plaintiff, any claim based on negligence must be dismissed.

Under New York law, to state a claim against an employer based on the conduct of its employee on theories of negligent hiring or retention, in addition to the standard elements of negligence, a plaint must show the existence of an employment relationship, that the employer should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence, and that the tort was committed on the employer's premises or with the employer's chattels. See, e.g., Doe v. City of New York, 2013 U.S. Dist. LEXIS 30010 at *11-13, 17-19 (S.D.N.Y. Mar. 4, 2013) (citing Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (other citations omitted), aff'd, 2014 U.S. App. LEXIS 4871 (2d Cir. Mar. 12, 2014);

6

Williams v. City of New York, 2012 U.S. Dist. LEXIS 184279 at *21-22 (E.D.N.Y. Oct. 19, 2012). There are no facts alleged here to support that any of the individual defendants had a proclivity to injure civilians and that the City knew or should have known of such a tendency. This claim should be dismissed on this basis alone.

This claim also should be dismissed because the individual defendants' purported malfeasance is alleged to have taken place within the scope of their employment for the City. (See Complaint at ¶¶ 12 through 14, 54, 58, 63, 70, 73, 79, 85, and 91). This claim is therefore incompatible with plaintiff's respondeat claims against the City as a matter of New York State law. (See Complaint at ¶¶ 76, 82, 88, 94). That is to say, if an employer is sued on a respondeat superior theory for the negligent conduct of an employee who was acting within the scope of his employment, such a claim will not be entertained because, if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, then the employer must pay the judgment regardless of the reasonableness of the hiring or retention. See, e.g., Sugarman v. Equinox Holding, 73 A.D.3d 654, 901 N.Y.S.2d 615, 616 (1st Dept't 2010); Karoon v. New York City Transit Auth., 241 A.D.2d 323, 659 N.Y.S.2d 27, 29 (1st Dep't 1997). Where an employee is acting within the scope of employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of respondeat superior, no claim may proceed against the employer for negligent retention and hiring. Holland v. City of Poughkeepsie, 90 A.D.3d 841, 935 N.Y.S.2d 583, 592-93 (2d Dept 2011); Neiger v. City of New York, 72 A.D.3d 663, 897 N.Y.S.2d 733, 734 (2d Dep't 2010); Karoon, 659 N.Y.S.2d at 29. As noted above, the complaint alleges that the individual defendants were employed by the City and were acting within the scope of their employment at the time of the alleged underlying events. Accordingly, plaintiff's claim for negligent hiring and retention against the City should be dismissed for this additional and independent reason.

Under common law, a municipal corporation is also entitled to interpose an immunity-to-suit defense. When official action involves the exercise of discretion or expert judgment in policy matters, and is not ministerial, a municipal defendant generally is not liable for consequences of that action. See In re World Trade Cent. Bombing Litig., 17 N.Y.3d 428, 452 (2011); Mon v. City of New York, 78 N.Y.2d 309, 574 N.Y.S.2d 529, 534 (1991) (citations omitted). A municipal entity cannot be held liable for the negligent performance of a governmental function. Dixon v. Village of Spring Valley, 6 A.D.3d 489, 774 N.Y.S.2d 574, 576 (2d Dep't 2004). Thus, when an officer exercises discretion and judgment on matters that have been delegated to him by City officials, the City is entitled to governmental immunity.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss should be granted in all respects.

Dated: New York, New York
December 15, 2014

>ZACHARY W. CARTER
>Corporation Counsel of the City of New York
>Attorney for Defendants
>100 Church Street
>New York, NY 10007
>(212) 356-2355
>sscharfs@law.nyc.gov
>
>By: _____/S/_____
>SUSAN P. SCHARFSTEIN