UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIKIA SANTOS,<br><br>                          Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK; New York City Police ("NYPD") Officer WAYNE DORSEY, Shield # 8992; NYPD Officer ANTHONY DILBERTO, Shield # 15189; NYPD Officer TYRONE NEAL, Shield # 221176; NYPD Officers JOHN DOE # 1 and 2,<br><br>                          Defendants. | ECF Case<br>No. 14-CV-7553 (AKH) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

**EMERY CELLI BRINCKERHOFF & ABADY LLP**
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

## TABLE OF CONTENTS

**<u>PAGE NO(s)</u>**:

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................... 1

    I.     No Exceptional Circumstances Warrant Reconsideration ..................................... 1

    II.    The Court's Order was Correctly Decided ............................................................ 3

          1.     The City Is Not Entitled to Governmental Immunity as a Matter of Law .. 4

          2.     Plaintiff Need Not, But in Any Event Has, Alleged a Special Duty .......... 5

          3.     Plaintiff Is Entitled to Assert Incompatible Claims ................................... 6

          4.     The Court Has Already and Correctly Held that Plaintiff Alleged Its Negligent Hiring and Retention Claim with Sufficient Particularity to Warrant Discovery ..................................................................................... 7

CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

**PAGE NO(s):**

**Cases**

*Amnesty Am. v. Town of W. Hartford*,
    361 F.3d 113 (2d Cir. 2004) ............................................................................... 8, 9

*Boykin v. KeyCorp.*,
    521 F.3d 202 (2d Cir. 2008) ...................................................................................... 8

*Castilla v. City of N.Y.*,
    No. 09 Civ. 5446, 2012 WL 3871517 (S.D.N.Y. Sept. 5, 2012) .......................... 9

*Collins v. City of N.Y.*,
    923 F. Supp. 2d 462 (E.D.N.Y. 2013) ..................................................................... 7

*Conn. V. Am. Elec. Power Co.*,
    582 F.3d 309 (2d Cir. 2009) ...................................................................................... 8

*Devinsky v. Kingsford*,
    No. 05 Civ. 2064, 2008 WL 2704338 (S.D.N.Y. July 10, 2008) ......................... 3

*Eismann v. Green*,
    204 F.3d 393 (2d Cir. 2000) ...................................................................................... 7

*Ferrari v. Cnty. of Suffolk*,
    No. 10 Civ. 4218, 2011 WL 2297125 (E.D.N.Y. Jun. 7, 2011) .......................... 9

*Goode v. Newton*,
    No. 12 Civ. 754, 2013 WL 1087549 (D. Conn. Mar. 14, 2013) ......................... 9

*Gordon v. City of N.Y.*,
    70 N.Y.2d 839 (1987) ................................................................................................. 5

*Haddock v. City of New York*,
    532 N.Y.S.2d 379 (1st Dep't 1988) ................................................................... 4, 5

*Henry v. Daytop Village*,
    42 F.3d 89 (2d Cir. 1994) .......................................................................................... 6

*Herschaft v. N.Y. City Campaign Finance Bd.*,
    139 F. Supp. 2d 282 (E.D.N.Y. 2001) ..................................................................... 2

*In re Application of Okean B.V. & Logistic Solution Int'l*,
    No. 12 Misc. 104, 2013 WL 4744817 (S.D.N.Y. Sept. 4, 2013) .......................... 2

*In re Evergreen Mut. Funds Fee Litig.*,
    240 F.R.D. 115 (S.D.N.Y. 2007) .............................................................................. 2

*In re MTBE Prods. Liability Litig.*,
 415 F. Supp. 2d 261 (S.D.N.Y. 2005) .......................................................................... 6

*Jiangsu S.S. Co., Ltd. v. Success Superior Ltd.*,
 No. 14 Civ. 9997, 2015 WL 424405 (S.D.N.Y. Jan. 30, 2015) ........................................ 6

*Johnson v. New York*,
 174 Misc. 2d 193 (N.Y. Ct. Cl. 1997) ........................................................................... 5

*Jones v. City of Buffalo*,
 700 N.Y.S.2d 338 (4th Dep't 1999) .............................................................................. 5

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
 729 F.3d 99 (2d Cir. 2013) ............................................................................................ 1

*Man Ferrostaal, Inc. v. M/V Vertigo*,
 No. 05 Civ. 10326, 2006 WL 2669315 (S.D.N.Y. Sept. 18, 2006) (Hellerstein, J.) .......... 7

*Marrero Pichardo v. Ashcroft*,
 374 F.3d 46, 55 (2d Cir. 2004) ...................................................................................... 1

*Maylay v. City of Syracuse*,
 638 F. Supp. 2d 303 (N.D.N.Y. 2009) .......................................................................... 9

*Mays v. City of Middletown*,
 895 N.Y.S.2d 179 (2d Dep't 2010) ............................................................................... 5

*McCrink v. City of N.Y.*,
 296 N.Y. 99 (1947) ........................................................................................................ 4

*McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*,
 839 F. Supp. 2d 562 (E.D.N.Y. 2012) ........................................................................... 8

*McGee v. Dunn*,
 No. 09 Civ. 6098, 2013 WL 1628604 (S.D.N.Y. Apr. 16, 2013) ..................................... 3

*Michael v. Cnty. of Nassau*,
 No. 09 Civ. 5200, 2010 WL 3237143 (E.D.N.Y. Aug. 11, 2010) .................................... 9

*Morales v. Quintiles Transnat'l Corp.*,
 25 F. Supp. 2d 369 (S.D.N.Y. 1998) ............................................................................. 6

*Munafo v. Metro Transp. Auth.*,
 381 F.3d 99 (2d Cir. 2004) ............................................................................................ 2

*Palaimo v. Lutz*,
 837 F. Supp. 55 (N.D.N.Y. 1993) .................................................................................. 3

*Pickering v. New York*,
 816 N.Y.S.2d 566 (2d Dep't 2006) ............................................................................... 6

*Reyes v. Cnty. of Suffolk*,
    995 F. Supp. 2d 215 (E.D.N.Y. 2014) ............................................................................... 9

*Sherald v. Embrace Techs. Inc.*,
    No. 11 Civ. 939 (S.D.N.Y. July 11, 2013).......................................................................... 2

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995).................................................................................................. 2

*Tel. Mgmt. Corp. v. Barclays Servs. Corp.*,
    No. 11 Civ. 8570, 2013 WL 1344706 (S.D.N.Y. Mar. 28, 2013) ...................................... 6

*Thompson v. United States*,
    No. 09 Civ. 1966, 2010 WL 3564423 (S.D.N.Y. Sept. 7, 2010) (Hellerstein, J.) .............. 1

*United States v. Davis*,
    996 F. Supp. 2d 225 (S.D.N.Y. 2014) (Hellerstein, J.)....................................................... 1

*Velez v. City of N.Y.*,
    556 N.Y.S.2d 537 (1st Dep't 1990) .................................................................................... 5

*Vornado Realty Trust v. Castlton Environmental Contractors, LLC*,
    No. 08-CV-4823, 2013 WL 5719000 (E.D.N.Y. Oct. 18, 2013)........................................ 3

*Watsno v. Mix*,
    328 N.Y.S.2d 162 (4th Dep't 1972).................................................................................... 4

*Williams v. City of N.Y.*,
    690 F. Supp. 2d 338 (S.D.N.Y. 2010)................................................................................. 9

**Statutes & Rules**

42 U.S. § 1983 ............................................................................................................................... 9

Plaintiff Shikia Santos respectfully submits this memorandum of law in opposition to defendants' motion for reconsideration of the Court's January 12, 2015 Order Denying Defendants' Motion to Dismiss, ECF No. 12 (the "Order").

**PRELIMINARY STATEMENT**

Reconsideration is an extraordinary remedy reserved for the infrequent case in which a Court has overlooked governing law or dispositive facts. Defendants demonstrate no such legal or factual missteps, instead re-hashing the unsuccessful arguments presented in their motion to dismiss—arguments that have already been considered and rejected by the Court. Nothing has changed to undermine the Court's ruling allowing each of plaintiff's claims to proceed to discovery. Nor is the Court's modest decision, rendered at this preliminary stage of proceedings, a miscarriage of justice requiring the exceptional remedy of reconsideration. Defendants' motion should be denied, and the case should be allowed to move forward without further unnecessary demands on the Court's resources.

**ARGUMENT**

**I.     NO EXCEPTIONAL CIRCUMSTANCES WARRANT RECONSIDERATION**

"A motion to reconsider 'is not favored and is properly granted only upon a showing of exceptional circumstances.'" *Thompson v. United States*, No. 09 Civ. 1966, 2010 WL 3564423, at *1 (S.D.N.Y. Sept. 7, 2010) (Hellerstein, J.) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Such circumstances exist only where "the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Davis*, 996 F. Supp. 2d 225, 230 (S.D.N.Y. 2014) (Hellerstein, J.) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103 (2d Cir. 2013)); *see also Thompson*, 2010 WL 3564423, at *1 (reconsideration reserved for when "necessary to correct for 'clear error' or 'to prevent

1

manifest injustice'" (quoting *Munafo v. Metro Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004), and citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))). Defendants have demonstrated none of these extraordinary circumstances. Instead, they reiterate the very same arguments previously presented to and considered by the Court. "A motion for reconsideration is not an opportunity to reargue that which was previously decided," and defendants' motion should therefore be denied. *Thompson*, 2010 WL 3564423, at *1; *see also Herschaft v. N.Y. City Campaign Finance Bd.*, 139 F. Supp. 2d 282, 286 (E.D.N.Y. 2001) ("A motion for reconsideration . . . does not provide a forum for the non-prevailing party to reargue issues that the Court has already decided [and] is not a substitute for an appeal.").

Restating the very same arguments already made and lost in connection with their motion to dismiss, defendants insist that because the Court did not expressly address every one of their arguments, it must have "overlooked" them. That the Court "did not address explicitly" each of defendants' arguments is not a basis for reconsideration where the Court's ruling "clearly implied" that the Court was not persuaded by them. *In re Application of Okean B.V. & Logistic Solution Int'l*, No. 12 Misc. 104, 2013 WL 4744817, at *3 (S.D.N.Y. Sept. 4, 2013); *see also Sherald v. Embrace Techs. Inc.*, No. 11 Civ. 939, at *2 (S.D.N.Y. July 11, 2013). "[W]hile the [Court's] order may not have explicitly addressed [all of defendants' arguments], it certainly did not overlook controlling authority warranting a different outcome. . . . ." *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 118 (S.D.N.Y. 2007); *see infra* Part II.

The Court's Order, declining to dismiss plaintiff's negligent hiring claim until he has had an opportunity to conduct reasonable discovery, by no means constitutes the sort of "manifest injustice" that calls for reconsideration. Defendants do not argue otherwise. The Court has already made clear in its January 12 Order that the negligent hiring claim "will not be allowed to serve as an open charter for digressive discovery." The Order merely allows plaintiff to develop

2

his well-pled claim; if, after discovery, he is able to substantiate his claim, justice will have been served, and if he is unable to do so, the claim may be dismissed on a motion for summary judgment, and defendants will suffer no injustice. "Indeed, considering the nascent stage of this lawsuit . . . the caution against 'manifest injustice' warrants a retention of Plaintiff's claims in favor of allowing discovery." *Palaimo v. Lutz*, 837 F. Supp. 55, 55 (N.D.N.Y. 1993).

Defendants nonetheless ask the Court to deviate from the approach "strictly adhere[d] to" by district courts in this Circuit, which, "[i]n most instances, decline to reverse or modify an earlier interlocutory order" in the interests of "'promoting efficiency and avoiding endless litigation by allowing each stage of the litigation to build on the last and not afford an opportunity to reargue every previous ruling.'" *Vornado Realty Trust v. Castlton Environmental Contractors, LLC*, No. 08-CV-4823, 2013 WL 5719000, at *2 (E.D.N.Y. Oct. 18, 2013) (quoting *McGee v. Dunn*, No. 09 Civ. 6098, 2013 WL 1628604, at *3 (S.D.N.Y. Apr. 16, 2013)). Defendants' "attempt to re-argue the same points [already made in their motion to dismiss] in a motion for reconsideration fails as a matter of law" because "there are no new facts, nor an intervening change in law, and there is no clear error of law or manifest injustice that the Court needs to correct." *Devinsky v. Kingsford*, No. 05 Civ. 2064, 2008 WL 2704338, at *2 (S.D.N.Y. July 10, 2008).

## II. THE COURT'S ORDER WAS CORRECTLY DECIDED

Even if defendants could carry the considerable burden of establishing extraordinary circumstances warranting reconsideration, their motion should be denied because, as the Court has already concluded, none of the arguments made in support of their motion to dismiss and reiterated in support of the present motion has merit. Defendants' arguments fail now for the same reasons that they failed the first time around, as set forth in plaintiff's memorandum of law dated January 5, 2015. *See* ECF No. 11.

**1. The City Is Not Entitled to Governmental Immunity as a Matter of Law**

As they did before, defendants again assert that New York City ("the City") is entitled to governmental immunity as a matter of law, no matter how outrageous its decision to hire and retain the defendant officers was. Defs.' Br. at 7-8. Defendants' argument is contrary to New York law, which recognizes that, in circumstances involving the hiring and retention of a police officer, where such decisions "may involve a known risk of bodily harm to others, the field in which . . . discretion may be exercised by the [City] is limited [and] superseded by the duty to abate that risk if in related circumstances danger to others is reasonable to be perceived." *McCrink v. City of N.Y.*, 296 N.Y. 99, 106 (1947). By defendants' contrary reasoning, the hiring of public officials is always discretionary, the decision to hire or retain an officer can never transgress the boundaries of permissible discretion, and a governmental entity is therefore always immune from liability for negligent hiring and retention. The City has never been entitled to such automatic, blanket immunity from negligent hiring and retention claims.

"The law is well settled that an employer has a duty to use reasonable care and refrain from knowingly retaining in its employ a person with known dangerous propensities in a position that would present a foreseeable risk of harm to others," and "[t]his rule is no less enforceable when the employer is the government." *Haddock v. City of New York*, 532 N.Y.S.2d 379, 380 (1st Dep't 1988). The City "may not with impunity retain in service an employee from whose retention danger to others may reasonably be anticipated." *McCrinck*, 296 N.Y. at 106. Where a plaintiff asserts that a government entity exceeded the bounds of permissible discretion by hiring or retaining an employee dangerous to the public, the plaintiff is entitled to discovery of the employee's personnel records, and the government entity "having asserted the privilege of immunity, has the burden of sustaining the claim," *Watsno v. Mix*, 328 N.Y.S.2d 162, 252 (4th Dep't 1972), by establishing that its personnel decisions were "among [the] acceptable methods

of carrying out" its responsibilities, *Velez v. City of N.Y.*, 556 N.Y.S.2d 537, 539-40 (1st Dep't 1990) (internal quotation marks omitted). If, after discovery, "the record does not show that the Police Department's inaction" in retaining the defendant officers "involved an exercise of discretion," and instead show that its personnel decisions breached its "duty to protect against foreseeable risks of harm," plaintiff's negligent hiring and retention claim will "not [be] barred by governmental immunity." *Jones v. City of Buffalo*, 700 N.Y.S.2d 338, 339 (4th Dep't 1999).

**2. Plaintiff Need Not, But in Any Event Has, Alleged a Special Duty**

Defendants also reiterate their misplaced argument that plaintiff must allege a special relationship with the City to state a claim for negligent hiring and retention. They dismiss plaintiff's observation that, under New York law, no such duty is required by stating that some of the cases establishing this rule "involve private rather than governmental employees." Defs.' Br. 12. Defendants do not explain why this distinction matters; it does not. The New York Court of Appeals has allowed plaintiffs to pursue negligent hiring and retention claims against the City without any allegation of a special duty. *See, e.g.*, *Haddock v. City of N.Y.*, 75 N.Y.2d 478 (1990) (City properly held liable for negligent retention of park employee who sexually assaulted a member of the public).

But even if a special relationship were an element of a negligent hiring and retention claim, plaintiff has alleged one. Defendants no longer contest that the City had a special relationship with the plaintiff, who was in its custody at the time of his injuries. *See Gordon v. City of N.Y.*, 70 N.Y.2d 839, 840 (1987); *Mays v. City of Middletown*, 895 N.Y.S.2d 179, 183 (2d Dep't 2010); *Johnson v. New York*, 174 Misc. 2d 193, 198 (N.Y. Ct. Cl. 1997). Instead, defendants attempt to dodge this point by raising a new and irrelevant argument that a plaintiff may not bring a negligence claim for false arrest or excessive force. Defs. Br. 12-13. This argument was not made in support of defendants' motion to dismiss and therefore cannot now be

considered on a motion for reconsideration. *See Jiangsu S.S. Co., Ltd. v. Success Superior Ltd.*, No. 14 Civ. 9997, 2015 WL 424405, at *1 (S.D.N.Y. Jan. 30, 2015) (review on a motion for reconsideration "'is narrow and applies only to already-considered issues; new arguments and issues are not to be considered'" (quoting *Morales v. Quintiles Transnat'l Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998))). The argument is, in any event, beside the point, as plaintiff asserts a claim not for negligent false arrest or negligent malicious prosecution, but for negligent hiring and retention, which led to plaintiff's injuries when he was foreseeably injured at a time when he was in police custody by those officers who were negligently hired and retained.

### 3. Plaintiff Is Entitled to Assert Incompatible Claims

Defendants once again insist that plaintiff's negligent hiring and retention claim will fail if the defendant officers were acting within the scope of their employment, but they do not contest that plaintiffs are "entitled to plead incompatible theories of recovery in the alternative," *Pickering v. New York*, 816 N.Y.S.2d 566, 567 (2d Dep't 2006); *see also Tel. Mgmt. Corp. v. Barclays Servs. Corp.*, No. 11 Civ. 8570, 2013 WL 1344706, at * 6 (S.D.N.Y. Mar. 28, 2013)("a plaintiff may plead claims in the alternative, even if they are inconsistent"); *In re MTBE Prods. Liability Litig.*, 415 F. Supp. 2d 261, 271 (S.D.N.Y. 2005) (same). Inconsistency among a plaintiff's claims is permitted to "lie either in the statement of the facts or in the legal theories adopted." *Henry v. Daytop Village*, 42 F.3d 89, 95 (2d Cir. 1994) (internal quotation marks omitted).

Moreover, while defendants represent that they have admitted that the defendant officers were acting in the scope of their employment, they have done so only with respect to some of the defendant officers, and with respect to only some of the relevant conduct. *Compare* Compl. ¶ 15, ECF No. 1 (alleging that defendant Police Offiers John Doe #1 and 2 were acting within the scope of their employment at all relevant times) *with* Defs.' Ans. ¶ 15, ECF No. 13 (denying

6

knowledge or information sufficient to admit or deny the allegations in Complaint ¶ 15); *compare* Compl. ¶ 8 (alleging officer misconduct for the duration of plaintiff's prosecution over the course of five months), *id.* ¶¶ 12-14 (alleging that defendant officers Dorsey, Dilberto, and Neal were acting within the scope of their employment "at all relevant times") *with* Ans. ¶¶ 12-14 (admitting that Dorsey, Dilberto, and Neal were acting within the scope of their employment on a single day and otherwise denying plaintiff's allegations). "Because the case is before the Court on a pre-answer motion to dismiss," and the City may yet argue that some or all of the defendants were acting outside the scope of their employment at one or another time relevant to plaintiff's claims, it remains "premature" to dismiss plaintiff's alternative theory of liability. *Collins v. City of N.Y.*, 923 F. Supp. 2d 462, 480 (E.D.N.Y. 2013) (citation omitted).

### 4. The Court Has Already and Correctly Held that Plaintiff Alleged Its Negligent Hiring and Retention Claim with Sufficient Particularity to Warrant Discovery

Finally, defendants restate their argument that plaintiff has not stated a negligent hiring and retention claim with sufficient particularity to allow for discovery. This, of all defendants' arguments, is least entitled to reconsideration because it was *explicitly* addressed and rejected in the Court's January 12 Order. The pretext on which defendants rely to argue for reconsideration of their other three arguments—that the Court *may* have overlooked them because it did not discuss them in detail—is therefore entirely lacking with respect to this final argument. For this reason alone, the Court should deny reconsideration with respect to this argument. *See Man Ferrostaal, Inc. v. M/V Vertigo*, No. 05 Civ. 10326, 2006 WL 2669315, at *1 (S.D.N.Y. Sept. 18, 2006) (Hellerstein, J.) (where defendants' motion for reconsideration does not raise a legal argument that the Court "failed to consider when [it] issued [its] Opinion and Order[, t]his failure alone is sufficient basis to deny Plaintiff's motion" (citing *Eismann v. Green*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)).

In any event, the Court's decision in the first instance was correct. Plaintiff cannot have been expected to allege the details of the defendant officers' personnel files at this stage of the proceedings, and he is entitled to discovery regarding the City's decision to hire and retain the defendant officers. *See* Order at 1(citing *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 n.10 (2d Cir. 2004)). Plaintiff has alleged that "the Officer Defendants were unfit and incompetent for their positions" and that the City was negligent in nonetheless hiring and retaining them. Compl. ¶¶ 98-99. Defendants' effort to persuade the Court to entirely disregard these allegations because they are made on information and belief and without "direct proof" is misguided. Defs.' Br. at 10-11. "Pleading on the basis of information and belief is generally appropriate" where, as here, the facts alleged "are particularly within a defendants' knowledge and control." *McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*, 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012); *see also Boykin v. KeyCorp.*, 521 F.3d 202, 215 (2d Cir. 2008) (holding that "the district court improperly faulted [plaintiff] for pleading facts alleged 'upon information and belief,'" especially because the allegations were "information particularly within [defendant's] knowledge and control"). Defendants are also incorrect that plaintiff must provide "direct proof of deficiencies" in the City's conduct in order to avoid dismissal at the motion to dismiss, rather than the summary judgment, stage. *See Conn. V. Am. Elec. Power Co.*, 582 F.3d 309, 333 (2d Cir. 2009) ("at the pleading stage," plaintiff need not "prove his allegations of injury"), *rev'd on other grounds*, 131 S. Ct. 2527 (2011).

Defendants acknowledge that the Second Circuit's decision in *Amnesty America v. Town of West Hartford* undergirds the Court's Order, holding that plaintiffs need not—and indeed cannot—allege detailed facts concerning the City's personnel practices pre-discovery. But they unconvincingly argue that the Court should rescind its reliance on that case because it "pre-date[s] *Iqbal*." Defs.' Br. 9. Defendants do not suggest that the Second Circuit has called into question

*Amnesty America*'s viability, which remains binding precedent that "district courts in this Circuit have continued, post-*Iqbal*, to apply." *Castilla v. City of N.Y.*, No. 09 Civ. 5446, 2012 WL 3871517, at *4 (S.D.N.Y. Sept. 5, 2012); *see also Reyes v. Cnty. of Suffolk*, 995 F. Supp. 2d 215, 231 (E.D.N.Y. 2014); *Goode v. Newton*, No. 12 Civ. 754, 2013 WL 1087549, at *7 (D. Conn. Mar. 14, 2013); *Ferrari v. Cnty. of Suffolk*, No. 10 Civ. 4218, 2011 WL 2297125, at *9 (E.D.N.Y. Jun. 7, 2011); *Williams v. City of N.Y.*, 690 F. Supp. 2d 338, 346 (S.D.N.Y. 2010); *Michael v. Cnty. of Nassau*, No. 09 Civ. 5200, 2010 WL 3237143, at *4 (E.D.N.Y. Aug. 11, 2010); *Maylay v. City of Syracuse*, 638 F. Supp. 2d 303, 315 (N.D.N.Y. 2009).

In a final attempt to dissuade the Court from relying on *Amnesty America*, defendants point out, irrelevantly, that *Amnesty America* involved a *Monell* claim for failure to train, and not a negligent hiring and retention claim. Defs.' Br. 10. But Defendants do not, and cannot, argue that the pleading standards for a negligent hiring claim are any more stringent than they are for a municipal liability claim under § 1983. The proposition that a plaintiff cannot be expected to plead the specifics of internal departmental policies and practices prior to discovery remains constant no matter the claim to which those specifics are relevant.

## CONCLUSION

For the foregoing reasons, the Court should deny defendants' motion to dismiss.

Dated: February 6, 2015
New York, New York

                                      EMERY CELLI BRINCKERHOFF &
                                      ABADY LLP
                                      By:

                                        /s                       
                                      Earl S. Ward
                                      Hayley Horowitz

                                      600 Fifth Avenue, 10th Floor
                                      New York, NY 10020
                                      (212) 763-5000
                                      *Attorneys for Plaintiffs*