UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIKIA SANTOS,<br><br>                    Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK; New York City Police ("NYPD") Officer WAYNE DORSEY, Shield #8992; NYPD Officer ANTHONY DILBERTO, Shield #15189; NYPD Officer TYRONE NEAL, Shield #221176, NYPD Officer RAMON CASTRO, Shield #24163; NYPD Officer STEPHEN GUINEY, Shield #24542,<br><br>                    Defendants. | Case No.: 14 Civ. 7553 (AKH)<br><br>**SECOND AMENDED COMPLAINT** |

## PRELIMINARY STATEMENT

1. This suit arises from the false and retaliatory detention, imprisonment, and malicious prosecution of Plaintiff Shikia Santos and the excessive force inflicted on him.

2. At the time of his false arrest, Mr. Santos was 21 years old. He had never been arrested or convicted of a crime.

3. On the afternoon of October 14, 2013, Mr. Santos witnessed New York City Police ("NYPD") Officer Wayne Dorsey arrest another individual, Jarvis Wilkerson, in Saint Nicholas Park in the Harlem neighborhood of New York City.

4. Mr. Santos, who believed that Mr. Wilkerson had not violated the law, spoke out against Mr. Wilkerson's arrest. He in no way interfered with the arrest.

5. Nevertheless, in retaliation for Mr. Santos's exercise of his First Amendment rights, and in violation of New York state and federal law, Mr. Santos was

1

assaulted shortly after Mr. Wilkerson's arrest by approximately four police officers, including NYPD Officers Anthony Dilberto, Tyrone Neal, Ramon Castro, and Stephen Guiney (the "Arresting Officers").

6.      The Arresting Officers slammed Mr. Santos, face first, onto metal bleachers and pinned him down to the bleachers as they handcuffed him, even though Mr. Santos never resisted arrest.  As a result of this unconscionable use of force by the Arresting Officers, Mr. Santos sustained a facial laceration on his forehead that required multiple stiches and caused Mr. Santos intense and lasting pain.

7.      Later that day, Officer Dorsey swore out a criminal complaint against Mr. Santos that was based on material facts that Officer Dorsey knew to be false. Officer Dorsey falsely stated in the criminal complaint that Mr. Santos "grabb[ed] onto [his] shoulder and pull[ed]," even though Mr. Santos never touched Officer Dorsey.

8.      As a result of this false arrest, Mr. Santos was forced to spend the night in jail before being arraigned in New York County Criminal Court on October 15, 2013 on the offenses charged in Police Officer Dorsey's perjurious complaint.  On March 26, 2014, after Mr. Santos had been subject to prosecution for over five months, all charges against him were dismissed.

9.      Mr. Santos now brings this action against the City of New York and Officers Dorsey, Dilberto, Neal, Castro, and Guiney (collectively, "Defendants") to obtain relief for Defendants' blatant violations of his federal civil and state common law rights

## THE PARTIES

10.     Plaintiff Shikia Santos is a citizen of the United States and resided

in New York, New York at the time of the events giving rise to this complaint.

11. Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

12. At all times relevant hereto, Defendant Police Officer Wayne Dorsey, Shield #8992, was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City and within the scope of his employment as such.

13. At all times relevant hereto, Defendant Police Officer Anthony Dilberto, Shield #15189, was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City and within the scope of his employment as such.

14. At all times relevant hereto, Defendant Police Officer Tyrone Neal, Shield #22116, was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City and within the scope of his employment as such.

15. At all times relevant hereto, Defendant Police Officer Ramon Castro, Shield #24163 was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City and within the scope of his employment as

such.

16. At all times relevant hereto, Defendant Police Officer Stephen Guiney, Shield #24542 was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City and within the scope of his employment as such.

17. At all times relevant hereto, NYPD Officers Dorsey, Dilberto, Neal, Castro, and Guiney (the "Officer Defendants") were acting under the color of state law.

## JURISDICTION AND VENUE

18. This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York state common law.

19. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

20. The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

21. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

22. On the afternoon of Columbus Day, October 14, 2013, Plaintiff Shikia Santos was in Saint Nicholas Park, located between West 141st Street and West 135th Street in the Harlem neighborhood of New York City.

23. While in the park, Mr. Santos saw two men fight each other briefly

4

and then separate and walk away. After the fight had ended, Officer Dorsey entered the park, approached Mr. Wilkerson, and began to place him under arrest for fighting. Mr. Santos, having witnessed the fight, knew that Mr. Wilkerson had not been involved.

24. Maintaining a distance between himself and Officer Dorsey, Mr. Santos verbally objected that Mr. Wilkerson's arrest violated his rights. At no point did Mr. Santos make physical contact with Officer Dorsey.

25. After Mr. Wilkerson was handcuffed and escorted out of the park, Officer Dorsey conferred with the Arresting Officers, and they decided to arrest Mr. Santos in retaliation for his voiced objections to Mr. Wilkerson's arrest. The Arresting Officers therefore approached Mr. Santos, who had remained in the park and was standing near a set of bleachers.

26. Without offering him any explanation, the Arresting Officers descended on Mr. Santos as he stood peacefully by the bleachers, making no attempt to run or resist the officers' approach.

27. The Arresting Officers grabbed Mr. Santos's arm, forcibly spun him around, and shoved him, face first, onto the metal bleachers. They then aggressively pinned Mr. Santos against the bleaches as they handcuffed him. Officer Dorsey was present at all times and made no attempt to prevent his fellow officers from using excessive and gratuitous force against Mr. Santos.

28. At no time did Mr. Santos resist his unjustified arrest or the unconscionable use of force against him.

29. As a result of being slammed onto the bleachers by the Arresting Officers, Mr. Santos sustained a deep laceration on his forehead. Blood immediately

5

began to pour down his face, falling onto the bleachers and staining Mr. Santos's clothing.

30. The Defendant Officers ignored the blood rushing from Mr. Santos's forehead and the concerned cries of witnesses who urged them to exercise caution. Instead, they handcuffed Mr. Santos, placed him in a squad car, and drove him from Saint Nicholas Park to the 26th Precinct, where he was searched, finger printed, and photographed. The officers found nothing illegal on Mr. Santos.

31. While at the precinct, Mr. Santos continued to bleed from the laceration on his forehead. Mr. Santos made repeated requests for medical treatment, which went ignored.

32. After being placed in a cell, Mr. Santos again requested medical treatment. An emergency medical technician came to Mr. Santos's cell to clean his wound, but its severity required more serious attention. Mr. Santos was eventually transported to Saint Luke's hospital, where he received approximately five stiches on his forehead.

33. As a result of this injury, Mr. Santos suffered significant and lasting physical pain, including but not limited to forehead tenderness, daily migraines, and an inability to sleep on his left side due to pain on that side of his head.

34. As a result of his arrest, Mr. Santos also suffered significant and ongoing emotional injuries, including but not limited to frequent nightmares, anxiety while in the presence of police officers, and an unwillingness to return to Saint Nicholas Park out of fear of unprovoked attacks by police officers.

35. On the day of Mr. Santos's arrest, October 14, 2012, Officer

Dorsey swore out a criminal complaint against Mr. Santos in New York County Criminal Court, charging Mr. Santos with Obstructing Governmental Administration in the Second Degree, in violation of N.Y. Pen. Law § 195.05; Disorderly Conduct, in violation of N.Y. Pen. Law § 240.20(1); Harassment in the Second Degree, in violation of N.Y. Pen. Law § 240.26(1); and two counts of Resisting Arrest, in violation of N.Y. Pen. Law § 205.30.

36. The criminal complaint signed by Officer Dorsey contains multiple misstatements of fact.

37. Officer Dorsey wrote in the complaint that Mr. Santos had "engaged in fighting and in violent, tumultuous and threatening behavior." That statement was false. Mr. Santos never engaged in fighting or violent, tumultuous, or threatening behavior with Officer Dorsey, or any of the Officer Defendants. Mr. Santos never engaged in such behavior with anyone at any time on the day of his arrest.

38. Defendant Officer Dorsey also wrote that Mr. Santos, "with intent to harass, annoy, and alarm another, subjected that person to physical contact and attempted and threatened to do the same." That statement is false. Mr. Santos never made physical contact with Officer Dorsey or any of the Arresting Officers prior to his arrest, and he never threatened to do so. Indeed, Mr. Santos never touched or threatened to touch anyone with an intent to harass, annoy, or alarm on the day of his arrest.

39. Officer Dorsey wrote that Mr. Santos "grabb[ed] onto [Officer Dorsey's] shoulder and pull[ed]." That statement is false. Mr. Santos never made physical contact of any kind with Officer Dorsey at any point.

40. The criminal case against Mr. Santos proceeded for over five months. During that time, Mr. Santos was required to render himself at all times subject

7

to the orders and processes of the court.

41. On March 26, 2014, the proceedings terminated in Mr. Santos's favor when the New York County District Attorney's Office dismissed all charges against him.

42. Mr. Santos's false and retaliatory arrest and unlawful prosecution have caused him and/or continue to cause him a deprivation of his liberty, psychological pain and suffering, mental anguish, loss of standing in the community, humiliation, fear, loss of earning capacity, and other loses.

43. Within ninety days after the Mr. Santos's arrest, a written notice of claim, sworn by Mr. Santos, was served upon the City by personal delivery of notice, in duplicate, to the Comptroller's office at 1 Centre Street, New York, New York.

44. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

45. Within ninety days after the dismissal of all criminal charges against Mr. Santos, a second written notice of claim, sworn by Mr. Santos, was served upon the City by personal delivery of notice, in duplicate, to the Comptroller's office at 1 Centre Street, New York, New York.

46. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

47. This action has been commenced within one year after the arrest of Mr. Santos on October 14, 2013.

## **FIRST CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
False Arrest
(Against All Officer Defendants)

48. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

49. Defendants wrongfully and illegally arrested and detained Plaintiff, charging him with resisting arrest, disorderly conduct, harassment, and obstructing governmental administration.

50. The wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

51. At all relevant times, Defendants acted forcibly in apprehending and arresting Plaintiff.

52. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

53. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable or reasonable cause.

54. All this occurred without any fault or provocation on the part of Plaintiff.

55. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as NYPD officers. Said acts by the Police Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and all Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of

9

his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment to the United States Constitution.

As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
Excessive Force
(Against All Officer Defendants)

56. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

57. By using excessive force and assaulting Plaintiff, and by failing to intervene and preventing other Officers from using excessive force, the Officer Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

58. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 – First and Fourteenth Amendments
Retaliatory Arrest
(Against All Officer Defendants)

60. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

61. By reason of the foregoing, by assaulting and arresting Plaintiff in retaliation for his constitutionally protected speech, the Officer Defendants deprived Plaintiff of rights, remedies, and privileges and immunities guaranteed to every citizen of the United States secured by 42 U.S.C. § 1983, including but not limited to the rights guaranteed by the First and Fourteenth Amendment to the United States Constitution of freedom of expression and to be free from gratuitous and excessive force.

62. Plaintiff's exercise of his constitutional right to freedom of expression was a substantial or motivating factor in the decision of the Officer Defendants to assault and arrest Plaintiff.

63. The Officer Defendants acted under pretense and color of state law and in their individual capacities and within the scope of their respective employment as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their justification, without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the United States Constitution.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTH CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
Malicious Prosecution
(Against Officer Wayne Dorsey)

65. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

66. Officer Dorsey maliciously commenced criminal proceedings against Plaintiff.

67. Officer Dorsey charged Plaintiff falsely, in bad faith, and without probable cause.

68. Throughout the criminal proceedings, Plaintiff was unlawfully, wrongfully, and unjustifiably deprived of his liberty, imprisoned, and forced to defend himself in criminal court.

69. All charges against Plaintiff were terminated in Plaintiff's favor.

70. Officer Dorsey acted under pretense and color of state law and in his individual capacities and within the scope of his employment as an NYPD officer. Said acts by Officer Dorsey were beyond the scope of their justification, without authority of law, and in abuse of his powers, and Officer Dorsey acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the United States Constitution.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
False Arrest and Imprisonment
(Against All Defendants)

72. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein

73. By reason of the foregoing, and by wrongfully and illegally arresting, detaining, and imprisoning Plaintiff, the Officer Defendants, under pretense and color of state law and acting within the scope of their employment as NYPD officers, falsely arrested and falsely imprisoned Plaintiff.

74. The Officer Defendants' wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff were intentional and carried out with Plaintiff's knowledge but without his consent. The Officer Defendants lacked probable cause or any other basis in law to arrest or imprison Plaintiff. At all relevant times, the Officer Defendants acted forcibly in apprehending and arresting Plaintiff.

75. The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being, and are guilty of egregious and gross misconduct toward Plaintiff.

76. Defendant City, as employer of the Individual Defendants, is responsible for the Officer Defendants' wrongdoing under the doctrine of *respondeat superior*.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Assault
(Against All Defendants)

78. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

79. By reason of the foregoing, and by threateningly approaching Plaintiff and aiming to grab and push him, the Arresting Officers, acting in their capacity as an NYPD officers and within the scope of their employment as such, intentionally placed Plaintiff in apprehension of imminent offensive contact and displayed the ability to effectuate such contact, and thereby committed a willful, unlawful, unwarranted, and intentional assault upon Plaintiff.

80. The assault committed by the Arresting Officers was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable and excessive use of force.

81. By being present, with opportunity to intervene, and failing to take reasonable steps to do so, Officer Dorsey substantially assisted the Arresting Officers in the assault of Plaintiff and was aware of his role as a part of this tortious conduct.

82. Defendant City, as employer of the Officer Defendants, is responsible for the Officer Defendants' wrongdoing under the doctrine of *respondeat superior*.

83. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**
Battery
(Against All Defendants)

84. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

85. By reason of the foregoing, and by intentionally grabbing, pushing, and pinning Plaintiff onto the bleachers, the Arresting Officers, acting in their capacity as NYPD officers and within the scope of their employment as such, committed a willful, unlawful, unwarranted, and intentional battery upon Plaintiff.

86. The battery committed by the Arresting Officers was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable and excessive use of force.

87. By being present, with opportunity to intervene, and failing to take reasonable steps to do so, Officer Dorsey substantially assisted the Arresting Officers in the battery of Plaintiff and was aware of his role as a part of this tortious conduct.

88. Defendant City, as employer of the Officer Defendants, is responsible for the Officer Defendants' wrongdoing under the doctrine of *respondeat superior*.

89. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Malicious Prosecution
(Against Officer Wayne Dorsey and the City)

90. Plaintiff repeats and realleges the foregoing as if the same were fully set forth at length herein.

91. Officer Dorsey, acting in his capacity as an NYPD officer and within the scope of his employment as such, maliciously commenced criminal proceedings against Plaintiff.

92. Officer Dorsey charged Plaintiff falsely, in bad faith, and without probable cause.

93. After months of proceedings in criminal court in which Plaintiff was forced to make numerous appearances and to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

94. Officer Dorsey is responsible for the malicious prosecution of Plaintiff during this period.  Defendant City, as employer of the Officer Dorsey, is responsible for the wrongdoing under the doctrine of *respondeat superior*.

95. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) On the First, Second and Third Claims for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(b) On the Fourth Claim for Relief against Officer Dorsey, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(c) On the Fifth, Sixth, and Seventh Claims for Relief against all

      Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(d) On the Eighth Claim for Relief against Officer Dorsey and the City, compensatory damages in an amount to be determined at trial, and punitive damages against Officer Dorsey in an amount to be determined at trial; and

(e) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 27, 2015

                              EMERY CELLI BRINCKERHOFF & ABADY LLP

                              By: _____/s_____
                                  Earl Ward
                                  Hayley Horowitz
                                  600 Fifth Avenue, 10th Floor
                                  New York, New York 10020
                                  (212) 763-5000
                                  *Attorneys for Plaintiff*